UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

IN RE:

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYSFEMORAL HEAD PRODUCTS LIABILITY LITIGATION

*This Document Relates to All Actions*

---------------------------------------------------------------------------x

MDL No. 2859

18-MD-2859 (PAC)
18-MC-2859 (PAC)

**1:18-cv-11083**

1. Plaintiff, Rian E. Rich, states and brings this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2. Plaintiff is filing this Short Form Complaint as permitted by this Court's Case Management Order 9, dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff, Rian E. Rich, is a resident and citizen of the State of Pennsylvania and claims damages as set forth below.

4. ~~Plaintiff's Spouse, __________________________, is a resident and citizen of the State of ________________, and claims damages as set forth below.~~ *[Cross out Spousal Claim if not applicable.]*

5. Venue of this case is appropriate in the United States District Court, Southern

District of New York. Plaintiff states that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court, Middle District of Pennsylvania. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

6. Plaintiff brings this action *[check the applicable designation]*:

__X____ On behalf of himself;

______ ~~In a representative capacity as the ______ of the _______ having been duly appointed as the _________ by the ______Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*

7. ~~Plaintiff was implanted with a Versys Femoral Head in his/her right hip on or about _______ (date), at the ______ (medical center and address), in ________, by Dr. _________.~~

8. ~~Plaintiff was implanted with the following femoral stem during the _____ (date) implantation surgery:~~

~~_______ Zimmer M/L Taper~~

~~_______ Zimmer M/L Taper with Kinectiv Technology~~

9. ~~Plaintiff had the following right hip components explanted on or about~~

~~__________ (date), at __________ (medical center and address) by Dr. ___________.:~~

~~________ Versys femoral head~~

~~________ Zimmer M/L Taper~~

~~________ Zimmer M/L Taper with Kinectiv Technology~~

[*Cross out if not applicable.]*

10. ~~Plaintiff will have the right hip components at issue explanted on or about ___________, at ___________________ (medical center and address) by Dr. _____________________.~~

[*Cross out if not applicable.]*

11. ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue.~~ [*Cross out if not applicable.]*

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE]*

12. Plaintiff was implanted with a Versys Femoral Head in his left hip on or about June 11, 2013, at Kane Community Hospital, in Kane, Pennsylvania by Dr. Vasileios Kostopoulos.

13. Plaintiff was implanted with the following femoral stem during the June 11, 2013 implantation surgery:

____X___ Zimmer M/L Taper

________ Zimmer M/L Taper with Kinectiv Technology

14. Plaintiff had the following left hip components explanted on or about October 18, 2016, at UPMC-Kane Community Hospital, in Kane, Pennsylvania by Vasileios Kostopoulos.

___X____ Versys femoral head

________ Zimmer M/L Taper

________ Zimmer M/L Taper with Kinectiv Technology

15. Plaintiff required a second revision surgery on June 1, 2017 due to recurrent dislocations to the left hip and a large pseudotumor secondary to metallosis, which was performed by Dr. Edward J. McClain at UPMC-St. Margaret Hospital, Department of Orthopedic Surgery, in Pittsburgh, Pennsylvania.

16. Plaintiff unfortunately developed an infection in the left hip, and on July 11, 2017, he underwent a two-stage, third revision surgery performed by Dr. Edward McClain at UPMC-St. Margaret Hospital, Department of Orthopedic Surgery, in Pittsburgh, Pennsylvania in which all components were removed for the insertion of an antibiotic cement spacer. Plaintiff underwent the second stage of the revision on October 12, 2017, which was also performed by Dr. Edward McClain at UPMC-St. Margaret Hospital.

**ALLEGATIONS AS TO INJURIES**

17. (a) Plaintiff claims damages as a result of (check all that are applicable):

___X___ INJURY TO HIMSELF

______ INJURY TO THE PERSON REPRESENTED

______ WRONGFUL DEATH

______ SURVIVORSHIP ACTION

____X__ ECONOMIC LOSS

(b) ~~Plaintiff's spouse claims damages as a result of (check all that are applicable): *[Cross out if not applicable.]*~~

~~______ LOSS OF SERVICES~~

~~______ LOSS OF CONSORTIUM~~

18. Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended

Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19. ~~Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.~~ *[Cross out if not applicable.]*

20. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

21. Due to the nature of the defect, Plaintiff could not have known that the injuries he suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiff.

**<u>CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY</u>**

22. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

___X___ COUNT I - NEGLIGENCE;

______ COUNT II - NEGLIGENCE PER SE;

___X___ COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

___X___ COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

___X___ COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

___X___ COUNT VI - BREACH OF EXPRESS WARRANTY;

______ COUNT VII- BREACH OF WARRANTY AS TO

MERCHANTABILITY;

___X___ COUNT VIII - BREACH OF IMPLIED WARRANTIES;

______ COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS

__X____ COUNT X –NEGLIGENT MISREPRESENTATION

______ COUNT XI- FRAUDULENT CONCEALMENT

______ COUNT XII - UNJUST ENRICHMENT

______ COUNT XIII – LOSS OF CONSORTIUM

______ COUNT XIV – WRONGFUL DEATH

______ COUNT XV- SURVIVAL ACTION

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;
2. For all applicable statutory damages of the state whose laws will govern this action;
3. For an award of attorneys' fees and costs;
4. For prejudgment interest and costs of suit;
5. Exemplary damages;
6. For restitution and disgorgement of profits; and,
7. For such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: March 20, 2019

Respectfully submitted,

JONES WARD PLC

/s/ Alex C. Davis
Alex C. Davis
The Pointe
1205 E. Washington St., Suite 111
Louisville, KY 40206
Phone: (502) 882 6000
Facsimile: (502) 587-2007
alex@jonesward.com

/s/ Tobi Millrood
Tobi Millrood
POGUST BRASLOW & MILLROOD, LLC
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, Pennsylvania 19428
Phone: (610) 941-4240, ext. 117
Facsimile: (610) 941-4245
*Counsel for the Plaintiff*