UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE: ZIMMER M/L TAPER HIP
PROSTHESIS OR M/L TAPER
HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS
LIABILITY LITIGATION

MDL NO. 2859

18-MD-2859 (PAC)
18-MC-2859 (PAC)

**ORDER NO. 32**

*This Document Relates to All Cases*

------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

28 U.S.C. § 1407(a) states that "civil actions involving one or more common questions of fact . . . pending in different districts . . . may be transferred to any district for coordinated or consolidated pretrial proceedings." § 1407(a). This provision "establish[es] a centralized forum where related cases are consolidated so that coordinated pretrial discovery can proceed in an efficient and effective manner." Fallon, et. al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2324 (2008). "Each action so transferred shall be remanded by the [judicial panel on multidistrict litigation] at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." § 1407(a).

As the Supreme Court stated in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), § 1407 is a venue statute that "categorically limits the authority of courts . . . to override a plaintiff's choice" of forum. *Lexecon*, 523 U.S. at 41–42. As a result, "a transferee court" — that is, this Court — "lacks authority to conduct a trial of an MDL member case not originally filed in the transferee court without the consent of the parties." *In re Fosamax Products Liability Litigation*, No. 06 MD 1789 (JFK), 2011 WL 1584584, at *1 (S.D.N.Y. Apr. 27, 2011).

The Plaintiffs who have filed *Lexecon* objections in this case have made clear that they do not consent to trial in this transferee Court. Dkt. 174, at 1–3. Such is their right. *See* § 1407(a); *Lexecon*, 523 U.S. at 42 ("[Section] 1407 . . . establish[es] the substantial significance of any denial of a plaintiff's right to a remand once the pretrial stage has been completed."). Accordingly, the Court declines to adopt the measures proposed in the Defendant's November 15 letter. Dkt. 176, at 3. The Court and the parties will proceed to random selection from the Second Bellwether Pool as provided in the Second Amended Schedule, with the bellwether-eligible cases submitted by the Parties. Dkts. 177, 179.

## CONCLUSION

Dated: New York, New York
November __, 2019

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge