UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE:  ZIMMER M/L TAPER HIP            :
PROSTHESIS OR M/L TAPER                 :        MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV            :
TECHNOLOGY AND                          :        18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS            :        18-MC-2859 (PAC)
LIABILITY LITIGATION                    :
                                        :        **ORDER NO. 39**
*This Document Relates to All Cases*    :
------------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

This Order resolves two outstanding matters in this multi-district litigation: (1) The

Plaintiffs' request for an Order allowing depositions taken in other cases to be used in the MDL

Bellwether Trials to be held before this Court; and (2) the Plaintiffs' motion to compel Zimmer

to produce design and manufacturing change information regarding the devices at issue in this

litigation.  Both are DENIED.

## I.      Use of Prior Corporate Witness Depositions

The Plaintiffs apply for an Order permitting the use of certain depositions[1] previously

taken with Defendant corporate witnesses as trial testimony in the MDL Bellwether Trial cases.

(Dkt. 228, at 2–5).  The Court considers the Parties' positions as laid out in their joint letter to the

Court dated February 14, 2019 and the relevant points argued at the Conference on February 19,

2020.  (Dkt. 228, at 2–5; Tr., Dkt. 256, at 13:12–25:23).

The Plaintiffs' application is denied.  Some of the depositions they want to use were

taken four or five years ago, and the agreement the Plaintiffs rely on appears not to have

---

[1] The Parties describe the relevant depositions as being taken "[p]rior to the formation of this
MDL . . . by multiple different plaintiffs' counsel in lawsuits involving the MDL Products,
including depositions of numerous Zimmer corporate witnesses."  (Dkt. 228, at 2).

contemplated this MDL.  (*Id.* at 17:16–25:13).  While Federal Rule of Civil Procedure 32(a)(8) permits a "deposition lawfully taken and, if required, filed in any federal- or state-court action" to "be used in a later action involving the same subject matter between the same parties," the Plaintiffs have not argued that the four Bellwether cases to be tried before this Court involve the same plaintiffs as the prior actions in which the disputed depositions were taken, so we do not have the same parties here and Rule 32 does not control.  The Parties shall meet and confer regarding the need for additional depositions, or time to depose individual witnesses.  *See* Fed. R. Civ. P. 30.

## II.        Plaintiffs' Motion to Compel

The Plaintiffs separately move to compel production of information related to design and manufacturing changes made to the M/L Taper femoral stem, the M/L Taper with Kinectiv Technology femoral stem, and the Versys femoral head (the "MDL Devices").[2]  (Dkt. 248, at 1). They argue this information is relevant to their strict liability claims, the feasibility of alternative designs, and Zimmer's affirmative defenses.  (Dkt. 248, at 2).  Zimmer opposes the motion, arguing it has already provided the requested design and manufacturing change information as it pertains to the tapers of the MDL Devices and that the broader discovery the Plaintiffs seek cataloguing all changes is neither relevant nor proportional.  (Dkt. 252, at 2).  The Court heard oral argument from the Parties at a telephonic Conference held on April 16, 2020.[3]  (Minute

---

[2] Plaintiffs' Interrogatories Nos. 5 & 7 asked the Defendant to produce "any design . . . and manufacturing . . . change(s) made to the Products at any time whether the change(s) were communicated to the FDA before being instituted or not, and describe with specificity the design/manufacturing change(s) that were made and the reason(s) why the manufacturing change(s) were made."  (Dkt. 248, at 2–3).

[3] The Conference was held by telephone due to the difficulties imposed by the COVID-19 pandemic.

Entry dated Apr. 16, 2020; Tr., Apr. 16 Teleconference, at 4:14–11:1).

The Plaintiffs' motion is denied.  As the Defendant notes, interrogatories are generally limited by Local Rule 33.3(a) to the names of knowledgeable witnesses, the computation of damages, and specific information regarding documents and physical evidence.  The Plaintiffs' Interrogatories Nos. 5 and 7 go beyond this.   Local Rule 33.3(b) provides that in the course of discovery interrogatories can go beyond the categories of information provided for by subsection (a) "if they are a more practical method of obtaining the information sought than a request for production or a deposition" or if the Court so orders.  S. & E.D.N.Y.R. 33.3(b); *In re Weatherford Int'l Secs. Litig.*, No. 11 Civ. 1646(LAK)(JCF), 2013 WL 5788680, at *2 (S.D.N.Y. Oct. 28, 2013).  Here, the Defendant represented at the conference that it will produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) who will testify to the history of design and manufacturing changes, and the Plaintiffs have not made clear why a deposition is not "a more practical method of obtaining the information sought."  S. & E.D.N.Y.R. 33.3(b); *Rouviere v. DePuy Orthopaedics, Inc.*, 1:18-cv-04814 (IJL) (SDA), 2020 WL 1080775, at 2–3 (S.D.N.Y. Mar. 7, 2020).

This Order does not hold on the discoverability of the information the Plaintiffs seek under Federal Rule of Civil Procedure 26(b)(1), which entitles each party to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  It may be that the information sought is relevant and proportional to the needs of this case.  But the Plaintiffs have not established why it must be compelled in the form of responses to interrogatories.  As to the discovery demands made by the Plaintiffs in the form of requests for production or requests for admission, those appear to have been limited by the Plaintiffs' own terms to information regarding the tapers.  (Dkt. 248, Ex. A,

at 5; Dkt. 252, at 1–2).

## **CONCLUSION**

The Plaintiffs' application to be permitted to use certain prior depositions as trial testimony in the Bellwether cases is DENIED. The Plaintiffs' motion to compel a broader response to its interrogatories regarding all design and manufacturing changes made to the MDL Devices is also DENIED. The Clerk of Court is directed to close the motion at Docket 248.


Dated: New York, New York
     April 27, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge