```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP              :
PROSTHESIS OR M/L TAPER                  :      MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV             :
TECHNOLOGY AND                           :      18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS             :      18-MC-2859 (PAC)
LIABILITY LITIGATION                     :
                                         :      ORDER NO. 50
This Document Relates to All Cases       :
---------------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

The Plaintiffs' Executive Committee ("PEC") moves to compel the defendant in this multi-district litigation ("MDL"), Zimmer ("Defendant," "Zimmer"), to produce communications between surgeons at Maine Medical Center ("MMC") and Zimmer's local distributor in Maine, Zimmer New England and Zimmer Biomet Northeast (collectively, "ZNE"). Dkt. 300, at 1. The Parties first brought this discovery dispute to the Court's attention in a joint letter dated July 31, 2020 that set out their proposed agenda for a telephonic conference that was held with the Court on August 5. Dkt. 287, at 3–4. The Parties presented their arguments for the Court at that conference, Tr., Aug. 5 Conf., Dkt. 298, at 8:18–11:22, and submitted letter briefs. Dkts. 300, 305.

The motion is DENIED.

## DISCUSSION

To date, Zimmer has produced emails between two ZNE employees and MMC dating from 2015 to 2017. Tr., Aug. 5 Conf., Dkt. 298, at 9:2–5. The PEC characterizes this production as "a very limited set of emails that the sales representatives and the distributor's principal pulled from their email accounts," and argues that "[i]t [is] clear based on the emails that were produced in the larger MDL that additional communication was housed between the

distributor and the surgeons at [MMC] about the increased failure rate of the M/L Taper when compared with Versys Femoral Head experienced at that facility." *Id.* at 9:8–13.

The PEC points out that 51 of the 219 plaintiffs in this MDL were patients at MMC to augment the relevance of the information sought. Dkt. 300, at 2. But as the Defendant notes, "non-case specific written discovery and document production related to the products . . . closed on December 20, 2019." Order No. 31, Dkt. 177; Dkt. 305, at 2. It may well be that the material the PEC seeks to compel would be of interest to MDL plaintiffs generally; but the Request for Production ("RFP") on which they seek to compel production is properly viewed as pertaining only to *Pride*, the bellwether case in which it was propounded. The question left before the Court, then, is whether the additional communications sought are "relevant to any party's claim or defense and proportional to the needs of" *Pride*, and not to the MDL plaintiffs generally. Fed. R. Civ. P. 26(b)(1). Therefore, inasmuch as the PEC seeks to compel further communications in response to RFP No. 9 (which was propounded in common discovery), that request can be readily denied.

RFP No. 17, however, seeks the communications at issue within the context of the *Pride* case alone. Dkt. 300, at 3. Zimmer contends that even viewed through this narrower lens, "the communications sought have marginal, if any, relevance," to the *Pride* plaintiff's case; that "any marginal relevance is outweighed by the burden of adding the number of additional custodians for whom Plaintiffs seek communications;" and that "Zimmer has already gathered and produced email communications during the relevant time period for individuals at Zimmer and [ZNE] most likely to have had communications with Mr. Pride's surgeon about his alleged injuries." Dkt. 305, at 1.

Zimmer is right that the PEC had its opportunity to pursue the communications it now seeks to compel during common discovery. To order Zimmer to produce the documents in question now, going back to 2009, when the *Pride* plaintiff underwent his revision surgery in 2016 stretches the meaning of relevance too far. Dkt. 300, at 3; Dkt. 305, at 4.

## **CONCLUSION**

The PEC's motion is DENIED. The Clerk of Court is directed to close the motion at Docket 300.

Dated: New York, New York
      August 20, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge