```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE:  ZIMMER M/L TAPER HIP              :
PROSTHESIS OR M/L TAPER                   :       MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV              :
TECHNOLOGY AND                            :       18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS              :       18-MC-2859 (PAC)
LIABILITY LITIGATION                      :
                                          :       ORDER NO. 52
This Document Relates to All Cases        :
------------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 23, 2020, the Parties submitted briefs regarding the order in which the Court should try the four bellwether cases. The Parties supplied responsive briefs on December 10. On December 15, the Court heard oral argument from the Parties. Upon due consideration of the Parties' submitted materials and oral representations, the Court now orders that the four bellwether trials will proceed in the following order: (1) *Nutting*, 19-cv-699; (2) *Pride*, 18-cv-10649; (3) *Goode*, 19-cv-03504; and (4) *Little*, 18-cv-10393.

MDL consolidation's "central purpose" is "promoting [the] 'just and efficient' resolution of the parties' disputes." *In re Gen. Motors LLC Ignition Switch Litig.*, Nos. 14–MD–2543 (JMF), 14–MC–2543 (JMF), 2015 WL 3619584, at *12 (S.D.N.Y. June 10, 2015) (quoting 28 U.S.C. § 1407(a)). In turn, "the primary purpose of bellwether trials is to provide data points for settlement discussions with respect to the universe of cases [within the MDL] . . . ." *In re Gen. Motors LLC Ignition Switch Litig.*, Nos. 14–MD–2543 (JMF), 14–MC–2543 (JMF), 2016 WL 1441804, at *9 (S.D.N.Y. Apr. 12, 2016).

The Court considered the Parties' arguments with these purposes in mind, and noted substantial agreement between and among them. For instance, the Parties agree that the Court should try *Nutting* before *Little* and *Pride* before *Goode*. In other words, they agree that *Nutting*

is the most representative Category One case and *Pride* is the most representative Category Two case.  Zimmer represents that trying a Category One case first could lead to the resolution of all Category One cases in the MDL, while they will need multiple Category Two trials before considering settlement of Category Two cases.  Plaintiffs, on the other hand, prefer to try a Category Two case first, because no Category Two cases have been resolved to date.

    The Court finds that (1) beginning with *Nutting* offers the best chance for the earliest resolution of a significant portion of the MDL cases; (2) trying *Pride* second and *Goode* third will provide the Parties with useful data points regarding Category Two cases, about which there is presently a lack of information; and (3) it is appropriate to schedule *Little* as the last bellwether trial, because *Nutting* might obviate the need to try *Little*.  Accordingly, the four bellwether trials will proceed in the order indicated.

Dated: New York, New York                 SO ORDERED
       December __16__, 2020

                                                 PAUL A. CROTTY
                                                 United States District Judge