UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE: ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYS FEMORAL HEAD PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL NO. 2859  18-MD-2859 (PAC) 18-MC-2859 (PAC)  **ORDER NO. 54** |
| *This Document Relates to All Cases* | : | |

------------------------------------------------------------------x

This Order resolves several disputes among the Parties in this multi-district litigation regarding the scope of expert depositions and pretrial briefing in advance of *Nutting* (19-cv-699), the first bellwether trial, and the schedule for *Pride* (18-cv-10649), the second bellwether trial.

On January 28, 2021, the Parties jointly submitted a letter detailing their respective positions on the scope of expert depositions and pretrial briefing for *Nutting* and setting forth alternative proposed schedules for *Pride*.[1] Letter, Jan. 28, 2021, ECF No. 323.[2] On February 1, 2021, the Court heard oral argument from the Parties.

Plaintiffs request an order requiring the Parties to depose the experts once, in advance of *Nutting*, on their general opinions, *Nutting*-specific opinions, and *Pride*-specific opinions. Letter 1.[3] Alternatively, Plaintiffs ask the Court to order that the experts be deposed as to their general opinions only once, in advance of *Nutting*, and order that any future depositions of these experts be conducted remotely and be limited to *Pride*-specific opinions. Plaintiffs principally argue that

---

[1] The letter also asked the Court to extend Zimmer's deadline for submitting its expert reports in *Nutting* from February 10 to February 22, 2021. Because the Parties have agreed to this extension, the Court has extended the deadline, as set forth separately in the Seventh Amended Schedule, Order No. 53.

[2] All ECF citations are to case No. 18-md-2859.

[3] Plaintiffs also ask the Court to impose a 10-hour time limit on these *Nutting-Pride* consolidated depositions. The Court addresses that request below. *See infra* p. 5.

1

consolidating the depositions would be economically efficient and reduce the COVID–19 risk that extra travel for future *Pride* expert depositions would entail. Letter 2. Additionally, Plaintiffs request an order requiring the Parties to bring all objections to general opinions in their *Daubert* motions before *Nutting*, so that any *Daubert* motions the Parties make before *Pride* contain only objections to *Pride*-specific opinions, again in the name of efficiency. Letter 1–2.

Zimmer principally opposes Plaintiffs' requests on logistical grounds, arguing that the Sixth Amended Schedule (Order No. 51, ECF No. 318) simply does not contain enough time for the Parties to depose the experts on their *Nutting*-specific and *Pride*-specific opinions simultaneously, and that Zimmer will need to inquire about the experts' general opinions in the course of fully questioning their *Pride*-specific opinions. Letter 3–4. Additionally, the *Pride* depositions may raise issues about general opinions that were less relevant (and therefore not asked about) in the earlier *Nutting* depositions, because *Nutting* involves a different product (Kinectiv) than the one at issue in *Pride* (M/L Taper). Letter 4. Zimmer also cautions that if the Court imposes the "blanket limitations" that Plaintiffs request, the Court will have to resolve the Parties' disputes over what is a general opinion and what is a case-specific opinion, which will likely end up being very inefficient. *Id.*

Upon due consideration of the Parties' submitted materials and oral representations, the Court **denies**: (1) Plaintiffs' request for an order requiring the Parties, at the March/April 2021 expert depositions in advance of the *Nutting* bellwether trial, to ask all of their questions regarding the experts' general opinions, *Nutting*-specific opinions, and *Pride*-specific opinions; (2) Plaintiffs' alternative request that any future depositions of these experts be conducted remotely and be limited to *Pride*-specific opinions; and (3) Plaintiffs' request that the Court "clarify" that experts will be deposed on their general opinions only once, "any *Daubert*

challenges to the experts' general opinions will be addressed pursuant to the proposed Seventh Amended Schedule, and any future depositions and *Daubert* briefing will be limited to case-specific opinions." Letter 1–2. The Court addresses the time limits and manner in which the expert depositions will be conducted below. *See infra* p. 5.

"A district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). The Federal Rules of Civil Procedure require the Court to limit the extent of discovery that is "unreasonably cumulative or duplicative, or [that] can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Here, Plaintiffs' economic justifications do not convince the Court that allowing the Parties to conduct separate expert depositions in advance of *Nutting* and *Pride* would lead to unreasonably cumulative or duplicative depositions. Nor does the Court believe that, in the end, granting Plaintiffs' request to consolidate would lead to efficiency. While consolidating the expert depositions would reduce expenses relating to travel, it would be very difficult to coordinate given that the Parties have only three to four weeks in which to complete the *Nutting* expert depositions.[4] Consolidation would also threaten the Parties' ability to conduct robust depositions that help the bellwether trials forecast the outcomes of future litigation as accurately

---

[4] As Zimmer notes, an order requiring the Parties to depose the experts on their *Nutting*-specific and *Pride*-specific opinions simultaneously would also represent a significant departure from the Court's prior scheduling orders in this matter, which ordered that expert depositions will be conducted first for "Bellwether Trial # 1," implying that expert depositions for other bellwether trials will follow separate, forthcoming schedules. *See* Order Governing Bellwether Selection & Process, Order No. 19, ECF No. 102; First Am. Sched., Order No. 26, ECF No. 139; Second Am. Sched., Order No. 31, ECF No. 177; Third Am. Sched., Order No. 41, ECF No. 263; Fourth Am. Sched., Order No. 46, ECF No. 291; Fifth Am. Sched., Order No. 50, ECF No. 312; Sixth Am. Sched., Order No. 51, ECF No. 318.

as possible. Accordingly, the Court denies Plaintiffs' request to consolidate the expert depositions in advance of *Nutting*.[5]

The Court likewise finds no good cause for ordering the Parties to ask all questions regarding the experts' general opinions during the *Nutting* expert depositions. Forcing the Parties (and ultimately, the Court) to distinguish between general opinions and case-specific opinions threatens to unnecessarily consume more resources than letting the Parties depose the experts as they see fit, understanding that the deposition time limits (discussed below) provide a strong disincentive against repeatedly covering the same ground. And the Plaintiffs may, of course, request a limiting order during the depositions if they believe that Zimmer is acting in bad faith or is unreasonably annoying the deponents with cumulative questioning. Fed. R. Civ. P. 30(d)(3)(A) and (B). Accordingly, the Court denies Plaintiffs' request to limit the scope of the *Nutting* and *Pride* depositions by ordering that the Parties may depose the experts concerning their general opinions only once, in advance of *Nutting*.

The Court is also wary of limiting the scope of *Daubert* motions at this early stage of the litigation, before the Parties know what the experts even have to say. *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 9771806, at *2 n.1 (S.D.N.Y. May 4, 2017) ("The interest in efficiency . . . does not trump the Court's interest in ensuring that its decisions are based on a properly developed record—and the need to provide the parties with an adequate opportunity to develop the record and present their strongest arguments."). Accordingly, each side may argue what it thinks appropriate in its *Daubert* and other pretrial motions, understanding that the Court will not give anyone two bites at the apple. Before filing

---

[5] The Court notes that Zimmer has agreed to conduct expert depositions regarding *Pride* in summer 2021, so keeping those depositions separate from the March/April 2021 *Nutting* depositions will not delay *Pride*'s trial start date. Letter 3.

any pretrial motions in *Pride*, however, the Parties are directed to "confer in good faith regarding the applicability of the Court's [*Nutting*] pretrial rulings" to *Pride*. *In re Gen. Motors LLC Ignition Switch Litig.*, Nos. 14-MD-2543 (JMF), 15-CV-8324 (JMF), 2017 WL 4417693, at *7 (S.D.N.Y. Oct. 3, 2017). The goal of that conference will be to "avoid making arguments that, based on a fair reading of the Court's prior opinions, the Court is likely to reject." *Id.*

Each expert deposition will consist of one 7-hour day, unless the expert is designated as a case-specific expert on more than one bellwether case, in which case that expert may be deposed for an additional three hours for each case beyond the first, consistent with the Order on Deposition Protocol. Order No. 42 at 8, ECF No. 264.

Experts who agree to in-person depositions will be deposed in person, and those who do not agree to in-person depositions will be deposed remotely. This is consistent with the Court's prior order regarding the depositions of Rule 30(b)(6) witnesses. *See* Order Resolving Depo. Dispute 2–3, Order No. 45, ECF No. 282.

Finally, the Court adopts Zimmer's proposed schedule for *Pride*,[6] with one change: mediation regarding the Kinectiv cases will commence on November 26, 2021, seven weeks after *Nutting* is expected to conclude. The *Pride* schedule is set forth separately in Order No. 55.

Dated: New York, New York            SO ORDERED
      February 3, 2021

                                             HONORABLE PAUL A. CROTTY
                                             United States District Judge

---

[6] The Court rejects Plaintiffs' proposed schedule because it does not leave the Court enough time to rule on all *Pride* pretrial motions while giving appropriate attention to the rest of the Court's docket.