UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP     :
PROSTHESIS OR M/L TAPER       :     MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV  :
TECHNOLOGY AND            :     18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS :     18-MC-2859 (PAC)
LIABILITY LITIGATION        :
                                      :     **ORDER NO. 57**
*This Document Relates to All Cases*  :
-----------------------------------------------------------------x

Zimmer is ordered to show cause as to why the Plaintiffs' Executive Committee's (PEC)

proposed redactions to Dr. Iorio's expert report (Exhibit E, ECF No. 349-5) should remain under

seal. The PEC represents that it is "unable to discern the bases for Zimmer's assertions of

confidentiality," but is requesting permission to file under seal because the proposed redactions

reference materials that Zimmer produced in discovery and marked confidential, subject to a

protective order. Letter Mot. for Leave to File Redacted Ex. 1, ECF No. 346.

A protective order, regulating confidentiality of discovery documents as between parties,

"may provide guidance regarding what documents might be appropriate to seal." *Capricorn*

*Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15-cv-2926, 2019 WL 5694256, at *20 (E.D.N.Y.

July 22, 2019) (internal quotations and citation omitted). But once a party discloses those

documents to the court to consider in adjudicating a motion to strike, the documents become

judicial documents, and the public's right to access the documents is implicated. *Id.* at *21

(discussing rebuttal expert reports and responses to interrogatories submitted as exhibits to

briefing concerning a motion to strike an expert disclosure). Exhibit E, submitted with the

PEC's opposition to Zimmer's motion to strike, is a judicial document subject to a presumption

of public access. *See id.*; *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (explaining

that documents filed in connection with motions to compel, to quash, and to exclude certain

deposition testimony are judicial documents because they call on the court to exercise its Article III powers and they are of value to those who monitor the federal courts, and are thus "subject to at least some presumption of public access"). Deciding whether to accept judicial documents under seal is "a wholly separate inquiry" from deciding whether to maintain the confidentiality of documents disclosed between the parties in discovery. *Capricorn*, 2019 WL 5694256, at *20. Thus, a party does not provide a sufficient basis for maintaining a judicial document under seal by simply pointing to the fact that the material disclosed in the document was produced in discovery subject to a protective order. *See id.* at *20–21.

Because the "court's authority to oversee discovery and control the evidence introduced at trial . . . is ancillary to the court's role in adjudicating a case," the weight of "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50. Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

To accept the PEC's submission under seal, the Court must articulate specific and substantial reasons for sealing that outweigh the public's presumptive right of access to the judicial document. Zimmer is therefore ordered to show cause as to why the redacted portions of Exhibit E should remain under seal, including specific reasons for each redaction and explaining why those reasons outweigh the public's right of access. If Zimmer does not provide sufficient reasons by Friday, April 16, 2021, the Court will deny the PEC's request to seal and direct the PEC to file an unredacted version of Exhibit E on the public docket.

Zimmer is also ordered to file an unredacted copy of its letter motion to strike, ECF No. 344, on the public docket.  Those redactions all refer to portions of exhibits that have since been unredacted and publicly filed, so there is no basis for maintaining the redactions under seal.

Dated: New York, New York
      April _12_, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge

3