UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE: ZIMMER M/L TAPER HIP  :
PROSTHESIS OR M/L TAPER      :  MDL NO. 2859
HIP PROSTHESIS WITH KINECTIV :
TECHNOLOGY AND               :  18-MD-2859 (PAC)
VERSYS FEMORAL HEAD PRODUCTS :  18-MC-2859 (PAC)
LIABILITY LITIGATION         :
                             :  **ORDER NO. 59**
*This Document Relates to All Cases*  :
------------------------------------------------------------x

      As directed, Zimmer has shown good cause for redacting certain portions of Dr. Iorio's expert report (Plaintiffs' Exhibit E, ECF No. 349–5[1]), and those reasons outweigh the relatively light presumption of public access to those portions of Exhibit E. Accordingly, the Court accepts Zimmer's proposed redactions. Plaintiffs are directed to publicly file a new copy of Exhibit E, containing only the redactions specified below.

      Plaintiffs filed Exhibit E with certain redactions that removed references to materials that Zimmer produced in discovery and marked confidential, subject to a protective order. Letter Mot. for Leave to File Redacted Ex. 1, ECF No. 346. Because Plaintiffs made their redactions on Zimmer's behalf, the Court directed Zimmer to show cause as to why those redactions should be allowed to remain on the public filing with the Court maintaining an unredacted copy under seal. Order No. 57 at 1, 2, ECF No. 353.

      A protective order, regulating confidentiality of discovery documents as between parties, "may provide guidance regarding what documents might be appropriate to seal." *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15-cv-2926, 2019 WL 5694256, at *20 (E.D.N.Y. July 22, 2019) (internal quotations and citation omitted). But once a party discloses those

---

[1] All ECF citations are to case No. 18-md-2859.

documents to the court to consider in adjudicating a motion to strike, the documents become judicial documents, and the public's right to access the documents is implicated. *Id.* at *21 (discussing rebuttal expert reports and responses to interrogatories submitted as exhibits to briefing concerning a motion to strike an expert disclosure). Exhibit E, submitted with Plaintiffs' opposition to Zimmer's motion to strike expert reports, is a judicial document subject to a presumption of public access. *See id.*; *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (explaining that documents filed in connection with motions to compel, to quash, and to exclude certain deposition testimony are judicial documents because they call on the court to exercise its Article III powers and they are of value to those who monitor the federal courts, and are thus "subject to at least some presumption of public access"). Deciding whether to accept judicial documents under seal is "a wholly separate inquiry" from deciding whether to maintain the confidentiality of documents disclosed between the parties in discovery. *Capricorn*, 2019 WL 5694256, at *20. Thus, a party does not provide a sufficient basis for maintaining a judicial document under seal by simply pointing to the fact that the material disclosed in the document was produced in discovery subject to a protective order. *See id.* at *20–21.

Because the "court's authority to oversee discovery and control the evidence introduced at trial . . . is ancillary to the court's role in adjudicating a case," the weight of "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50. Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required

to seal summary judgment filings." *Id.* Thus, the weight of the presumption of public access to Exhibit E is relatively low.

In response to Order 57, Zimmer produced a table identifying each redaction that should be maintained and explaining what the material is, and then argued why each redaction is necessary while conceding that certain of Plaintiffs' current redactions are not necessary. Letter in Resp. to Order No. 57 at 1–7, ECF No. 357. This enabled the Court to properly weigh the need for confidentiality against the presumption of public access. And Zimmer's narrow tailoring (while not strictly necessary in this instance, because the judicial document at issue does not implicate the First Amendment right to public access, but only the weaker common law right) shows Zimmer has acted in good faith to carefully consider what actually needs to be kept secret, and what does not.

The Court has compared Zimmer's submission to the redacted portions of Exhibit E and finds that Zimmer's descriptions of the information contained in the redacted portions are accurate. The redactions are warranted because if the redacted portions were made public, they would reveal confidential trade secret information,[2] research and development information,

---

[2] "Courts have routinely applied the six factors set forth in the Restatement (First) of Torts § 757, comment b, when determining the existence of a trade secret: (1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Uni-Sys., LLC v. U. S. Tennis Ass'n, Inc.*, No. 17 CV 147, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019) (alterations in original; citation omitted). Applying these factors, courts will seal judicial documents "where trade secrets and material that would place a party at a competitive disadvantage are being used in public filings." *Id.* (quoting *New York v. Actavis*, No. 14 CV 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)). Here, Zimmer has taken steps to maintain the confidentiality of the information at issue; that information is valuable because it could allow competitors to copy Zimmer's Kinectiv and VerSys production and product investigation methods; and others presumably could not easily

3

marketing strategy, sales data, and information gleaned from internal tests and investigations, which Zimmer's competitors could use to gain an unearned competitive edge (thereby causing Zimmer a competitive injury). *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y 2018); *Uni-Sys., LLC v. U. S. Tennis Ass'n, Inc.*, No. 17 CV 147, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016); *Encyclopedia Brown Prods., Ltd. v. Home Box Off.*, 26 F. Supp. 2d 606. Thus, legitimate reasons for sealing outweigh the relatively low presumption of public access to the redacted portions of Exhibit E.

## **CONCLUSION**

The Court accepts Plaintiffs' proposed redactions based on the reasons Zimmer provided for sealing the information contained in those redactions. Plaintiffs are directed to publicly file a copy of Exhibit E <u>without</u> the redactions contained in paragraphs 51, 100–102, 112–129, and the last three sentences of paragraph 140. The publicly filed copy must contain all other redactions that Plaintiffs proposed in their filing under seal.[3]

The Clerk of Court is directed to close the entries at 18-md-2859 ECF numbers 353 and 357; and 18-mc-2859 ECF numbers 160 and 162.

Dated: New York, New York
April 27, 2021

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY
United States District Judge

---

acquire the information without expending time and money designing and testing production and investigation techniques. *See* Letter in Resp. to Order No. 57 at 3, 7, ECF No. 357.

[3] These redactions include the portions that Plaintiffs highlighted in the following paragraphs: 52, 73, 98, 136–137, 140, 143, 145–152, 154, 155–157, 159, 160–161.

4