

faegredrinker.com

**Michael J. Kanute**
Partner
mike.kanute@faegredrinker.com
+1 312 212 6510 direct

Faegre Drinker Biddle & Reath LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
+1 312 569 1000 main
+1 312 569 3000 fax

August 26, 2024

<u>VIA ECF FILING</u>

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
Email: Furman_NYSDChambers@nysd.uscourts.gov

**Re:    MDL No. 2859,** *In re Zimmer M/L Taper Hip Prosthesis Litigation*
**Litigation Status Letter re** *Strode v. Zimmer Biomet Holdings, Inc.,*
**Case No.: 1:18-CV-10188 (JMF)**

Dear Judge Furman:

On behalf of the Zimmer Defendants (hereinafter, "Zimmer") and Plaintiffs Sheryl and James Strode ("Plaintiffs") (collectively, the "Parties"), and pursuant to the Court's Endorsement Order dated August 1, 2024 (MDL Dkt. # 633), we write to provide a status update on settlement and proposed next steps in the *Strode* matter.

### A.    Settlement Status Update

Pursuant to Order No. 66 (Dkt. # 581) and the Court's Endorsement Order dated August 1, 2024 (MDL Dkt. # 633), the Parties mediated the *Strode* case on August 19, 2024 with mediator Robert Shearman. The mediation resulted in an impasse.

### B.    Proposed Next Steps

#### i.    Zimmer's Position

As noted in the Joint Status Letter filed on April 24, 2024 (MDL Dkt. # 625), the Parties already engaged in extensive general, non-case specific discovery. The deadline to complete that discovery was March 27, 2020. *See* Order No. 31 (MDL Dkt. # 177). The Parties in the *Strode* case have also engaged in some case-specific discovery, including the exchange of case-specific information as part of the Plaintiff Preliminary Disclosure, Plaintiff Fact Sheet, and Defendant Fact Sheet process (see Order No. 18, MDL Dkt. # 101), the service of Plaintiffs' expert reports pursuant to Order No. 66, and a set of requests for production served by Plaintiffs. *See* Joint Status Letter (MDL Dkt. #625).

Honorable Jesse M. Furman — - 2 - — August 26, 2024

In light of the unsuccessful mediation, Zimmer respectfully requests that the Court set a schedule and parameters for case-specific discovery, including case-specific written discovery, case-specific fact witness depositions, and case-specific expert discovery, and dispositive motions, including Rule 702 motions and motions for summary judgment.

As it relates to case-specific discovery, Zimmer anticipates (a) serving Plaintiffs with case-specific Requests for Production and Interrogatories; (b) taking the case-specific depositions of Plaintiffs, Mrs. Strode's treating physicians, and potentially Plaintiffs' family members and friends; and (c) taking the depositions of Plaintiffs' expert witnesses – Mari Truman and Dr. Richard Iorio.

Zimmer also intends to file Rule 702 motions to exclude the testimony of both Ms. Truman and Dr. Iorio as contemplated in Order No. 66. *See* (Order No. 66, MDL Dkt. 581, ¶ 3.) Ms. Truman and Dr. Iorio were the only two expert witnesses disclosed by Plaintiffs to comply with Order No. 66. Notably, Ms. Truman and Dr. Iorio are the same experts that were disclosed by the PEC in the first four bellwethers (*Nutting, Pride, Goode*, and *Little*). Like Tamma Nutting, Mrs. Strode received a M/L Taper with Kinectiv Technology paired with a +0 VerSys Head. Ms. Truman adopted her prior expert report and deposition testimony from *Nutting* in her *Strode* report, and Dr. Iorio incorporated a large section of his prior expert report in his *Strode* report. Once the Parties complete case-specific discovery in *Strode*, Zimmer will file Rule 702 motions to exclude Ms. Truman's and Dr. Iorio's opinions just as Zimmer did in the *Nutting* and *Pride* cases. See (Opinion & Order (Dkt. # 466)).

Finally, Zimmer intends to file a motion for summary judgment on all Plaintiffs' claims. Importantly, although Plaintiffs have only provided Zimmer with limited information through the Plaintiff Preliminary Disclosure and Plaintiff Fact Sheet process, it is clear Plaintiffs' claims are barred by the statute of limitations and subject to dismissal on that basis alone. Zimmer also contends that Plaintiffs' claims will fail for other substantive reasons, including but not limited to the fact that Plaintiffs will be unable to support their claims with admissible expert testimony.[1]

Zimmer believes that a hearing with the Court would be helpful to discuss the issues discussed above and any other issues the Court wishes to raise with the Parties.

### ii. Plaintiffs' Position

Plaintiffs respectfully join in Zimmer's request to set a schedule for case-specific discovery, including case-specific written discovery, case-specific fact witness depositions, and case-specific expert discovery, and dispositive motions, including Rule 702 motions and motions for summary judgment. Plaintiffs have no objection to the case-specific discovery Zimmer seeks.

---

[1] Zimmer anticipates that bifurcated briefing on the statute of limitations may be the most efficient course in the *Strode* case.

Honorable Jesse M. Furman — - 3 - — August 26, 2024

In addition, Plaintiffs will seek additional, updated discovery from Zimmer. Zimmer notes that the deadline to complete general discovery was over four-years ago. Zimmer should update its discovery responses as it has a continuing duty to do so. Plaintiffs may seek additional depositions as well. Of note, Plaintiffs served Zimmer with certain discovery requests regarding the design and testing of the prosthesis that was unavailable when Ms. Truman was initially disclosed as an expert in the bellwether cases. Zimmer refused to respond because, it claimed, that all discovery had been stayed.

Plaintiffs also request that the Court set deadlines for Defendants to serve their Rule 26 expert reports and set a trial date. At this time, there should be mutual exchanges in expert discovery. This way, Plaintiffs may timely file *Daubert* and any dispositive motions they deem necessary at the same time Defendants file their motions.

In response to Zimmer's intention to file *Daubert* motions on Ms. Truman, it must be noted that Plaintiffs did not simply serve an expert report that was previously excluded. Rather, Ms. Truman updated her report to address the concerns the prior MDL Court raised in its *Daubert* order.

Finally, Plaintiffs disagree with Zimmer's characterization of the timeliness of Ms. Strode's complaint. A statute of limitations defense is an affirmative defense for which Zimmer bears the burden of proof. Zimmer will not succeed in that defense in dispositive motion practice as it is a question of fact of when Ms. Strode's claim accrued for the limitations period. Plaintiffs do not think that bifurcating this issue is at all appropriate. It would best serve the parties and judicial resources to address all dispositive motions at one time because the law does not favor piecemeal litigation.

Plaintiffs are at the Court's pleasure on whether to schedule a hearing.

Very truly yours,

/s/ Michael J. Kanute
Michael J. Kanute
mike.kanute@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
320 S. Canal St., Ste. 3300
Chicago, IL 60606
(312) 569-1000
*Counsel for Zimmer*

/s/ J. Stephen Bennett
J. Stephen Bennett
stephen.bennett@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
110 W. Berry St., Ste. 2400
Fort Wayne, IN 46802
(260) 424-8000
*Counsel for Zimmer*

/s/ Sean J. Powell
Sean J. Powell

Honorable Jesse M. Furman  - 4 -  August 26, 2024

sean.powell@faegredrinker.com
Faegre Drinker Biddle & Reath LLP
320 S. Canal St., Ste. 3300
Chicago, IL 60606
(312) 569-1000
*Counsel for Zimmer*


*/s/ Jeffrey L. Haberman*
Jeffrey L. Haberman
Schlesinger Law Offices
1212 Southeast Third Avenue
 Fort Lauderdale, Florida 33316
(954) 467-8800
 JHaberman@schlesingerlaw.com

*Counsel for Plaintiffs Sheryl and James Strode*

> The *Strode* parties shall appear for a teleconference with the Court on **September 12, 2024, at 3:30 p.m**. to discuss deadlines for discovery and motion practice.  **No later than the Thursday before that conference**, the parties shall submit a joint letter and proposed Case Management Plan (either using the Court's form, available on the Court website, or adjusting it as appropriate for the particulars of this case).
>
> The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  The Clerk of Court is directed to docket this in both 18-MD-2859 and 18-CV-10188.
>
>                                        SO ORDERED.
>
>                                        August 27, 2024