# THE SANDERS LAW FIRM

### Sanders Aronova Grossman Woycik Viener & Kalant PLLC

June 12, 2025

**Mathew Shooshtary, Esq.**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
MShooshtary@thesandersfirm.com
Direct: (516) 417-8354
Office: (718) 808-9360

Via ECF Filing:        Honorable Jesse M. Furman
                       United States District Court
                       Southern District of New York
                       40 Center Street, Room 2202
                       New York, New York 10007
                       Furman_NYSDChambers@nysd.uscourts.gov

**Re:**        MDL No. 2859, *In re Zimmer*
Case:        1:20-cv-02358-JMF/ 1:18-md-02859-JMF

Dear Judge Furman,

We represent the Plaintiff Mr. Dennis McMillian in this action. Please allow this letter to serve as a response to Mr. Powell's letter motion founds at Document 696 filed on June 9, 2025.

Defendant's request should be denied in full as its request unduly prejudices the plaintiff, the current discovery schedule is more than adequate for both parties' needs, the referenced precedent is not binding or analogous to this case, and that Zimmer was not entitled to depose Dr. Boraiah during fact discovery.

As the first clarification, Expert Witness Dr. Charles Salzer, will no longer be an expert on behalf of the Plaintiff. Unfortunately, Dr. Salzer has retired from medicine and expert witness consulting after undergoing a major spine operation. As such, Zimmer's request to compel Dr. Salzer's deposition or request for an extension due to the scheduling of Dr. Salzer's deposition, is therefore moot. As such, Zimmer now seeks only to compel the deposition of Dr. Sreevathsa Boraiah before July 14, 2025, or, failing that, to obtain an extension of its expert-report deadline. For the reasons below, Zimmer's motion should be denied.

## I.    Requiring Dr. Boraiah's Deposition Before Zimmer's Expert Disclosures Would Unfairly Prejudice Plaintiff.

The Court should deny Zimmer's request to depose Dr. Boraiah before it serves its own expert reports because doing so would create an asymmetrical and unfair discovery process.

Federal Rule of Civil Procedure 26(a)(2) obligates a party to disclose each testifying expert's identity and a complete written report, including all opinions and their bases, before any deposition, Rule 26(e) requires prompt supplementation of those disclosures, and Rule 37(c)(1)

authorizes the exclusion of any expert evidence not properly disclosed. The purpose of these requirements is to prevent undue surprise and allow opposing parties a reasonable opportunity to prepare for effective cross-examination and possibly arrange for expert testimony from other witnesses (see *Engler v. MTD Products, Inc.*, 304 F.R.D. 349 (2015), (*Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31 (2014).

If Dr. Boraiah were examined now, Zimmer could mine his testimony and refine its own experts' opinions. Plaintiff would then have no reciprocal opportunity to probe the basis and methodology of those yet undisclosed defense opinions. This one-sided record would hamper Plaintiff from testing Zimmer's expert methodology and would also impair the development of Plaintiff's rebuttal opinions, both of which depend on full visibility into Zimmer's complete expert reports.

To preserve fairness and the integrity of the expert-discovery schedule, Dr. Boraiah's deposition should occur only after Zimmer has produced its expert disclosures.

**II.     The Existing Schedule Provides Ample, Balanced Time for Expert Discovery.**

The current schedule affords both sides adequate time to exchange reports and conduct depositions, so it should remain intact.

Under Federal Rule of Civil Procedure 16(b)(4) a scheduling order may be modified only for good cause, and Order No. 677 already establishes expert-report deadlines that comply with Rule 26(a)(2).

Plaintiff will serve Dr. Boraiah's expert reports on June 13, 2025, as per the outlined discovery schedule. Zimmer will then have thirty days, until July 14, 2025, to prepare and serve its responsive reports. This is then followed by more than two months, from July 14, 2025, until September 26, 2025, for both parties to take expert depositions. This sequencing gives Zimmer ample opportunity to evaluate Plaintiff's opinions, craft its own, and still depose experts in an orderly fashion, while likewise protecting Plaintiff against rushed discovery.

Further, the mere presence of a staggered expert disclosure schedule does not automatically require that Plaintiff's expert be deposed within the staggered period. The Federal Rules anticipate that expert depositions typically occur after all reports have been exchanged, thereby preserving parity and preventing tactical surprise.

As such, Zimmer identifies no unforeseen circumstance that would satisfy the Rule 16 good-cause standard and the schedule is sufficient under the Federal Rules. In concert, Zimmer's request for an accelerated deposition or a unilateral extension should be denied.

### III.    Phillips and Other Referenced Cases Are Not Binding and Are Readily Distinguishable.

Zimmer's reliance on case law related to this issue is misplaced because those decisions are non-binding authorities as they are from different circuits and involve factually different circumstances.

Out-of-circuit district court opinions may be consulted for guidance but are not controlling *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2006). In *Phillips v. Delta Air Lines*, the court held that, whether the defendant had the right to depose experts before disclosing its own expert reports was if the parties' discovery plan contemplated that the parties would do so. *Phillips v. Delta Air Lines*, 2021 WL 5882130, at *3 (S.D. Fla. Oct. 12, 2021). The court found that in this specific circumstance, the stagger was meant to allow depositions to take place.

The instant litigation bears none of those features. The current parties' stipulated schedule contains no language or any inference that the Plaintiff's expert would be deposed before the Defendant's expert reports have been served. Had this been written, or at least been inferable, Plaintiff would have raised the issue earlier. Moreover, ample time remains in the current schedule, and Plaintiff has shown flexibility in offering deposition dates after full expert disclosures. Consequently, the primary rationale of this set of cases, the combination of a compressed timeline and a discovery plan specifically contemplating depositions before full disclosures, does not apply.

Since, Zimmer states legal conclusions which are neither binding nor analogous, the Court should give them little to no weight when considering Zimmer's request.

### IV.    Zimmer Was Not Entitled to Depose Dr. Boraiah During Fact Discovery.

Zimmer had no legal basis to depose Dr. Boraiah during fact discovery, therefore, its current complaint about the deposition's timing is unfounded.

Under Rule 26(a)(2), a party may depose an expert only after that expert has been disclosed with a complete written report, as illustrated in *OnActuate Consulting, Inc. v. Aeon Nexus Corp. 2023 WL 5097912* and *Coene v. 3M Co.* 2014 WL 4542472 (2014). Rule 30(b)(1) allows a deposition only after reasonable written notice once the witness is properly identified, and Rule 26(e) requires timely supplementation of any incomplete disclosure.

Zimmer concedes that it considered Dr. Boraiah's prior expert disclosure inadequate, yet it never demanded a full Rule 26(a)(2)(B) report during fact discovery, and it did not serve a Rule 30(b)(1) notice. As Zimmer has previously contended, without a proper expert report, Zimmer lacked a procedural basis to compel a deposition at that stage as Dr. Boraiah is a hybrid witness. Further, Plaintiff made no binding promise to produce Dr. Boraiah earlier, only an informal offer to explore dates. Having relied on courtesy rather than compulsory process, Zimmer now seeks to convert that courtesy into entitlement, contrary to the Federal Rules. Further, Plaintiff concedes that there was an was informal agreement that Dr. Boraiah's deposition would take place

before the Defendant's expert reports were due, but that agreement was an oversight as it was not recognized that Zimmer's request meant that the deposition be done out of turn and contrary to Plaintiff's direct interest.

As such, Zimmer could not compel Dr. Boraiah's deposition during fact discovery, and its grievance concerning that period should be rejected.

## V.    CONCLUSION

Zimmer's request unduly prejudices the plaintiff, the current discovery schedule is more than adequate for both parties' needs, the referenced precedent is not binding or relevant to this case, and Zimmer was not entitled to depose Dr. Boraiah during fact discovery. As such, the June 9, 2025 letter motion (ECF 696) should be denied in its entirety. Alternatively, any modification of the expert schedule should apply equally to both sides.

Thank you for your attention and time with this matter.

Regards,

Mathew Shooshtary, Esq.

Defendant's letter motion is DENIED as moot with respect to Dr. Salzer and GRANTED as to Dr. Boraiah.  A review of the parties' correspondence, *see* ECF No. 696-1, confirms that Defendants agreed to defer Dr. Boraiah's deposition beyond the fact discovery period based on Plaintiff's agreement to do it prior to the July 14, 2025 deadline.  Accordingly, the Court will hold Plaintiff to that agreement.  The parties shall promptly confer and agree upon a date for the deposition to be conducted prior to July 9, 2025.  The Clerk of Court is directed to terminate ECF No. 696 in 18-MD-2859 and ECF No. 83 in 20-CV-2358, and to docket this Order in both cases.

SO ORDERED.

June 13, 2025