

faegredrinker.com

**Peter A. Meyer**
Partner
peter.meyerl@faegredrinker.com
+1 317 237 1429 direct

**Faegre Drinker Biddle & Reath** LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
+1 317 237 0300 main
+1 317 237 1000 fax

December 12, 2025

<u>**VIA ECF FILING**</u>

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007
Email: Furman_NYSDChambers@nysd.uscourts.gov

**Re:**   **MDL No. 2859, *In re Zimmer M/L Taper Hip Prosthesis Litigation***
***McMillan v. Zimmer, Inc., et al.*, Case No.: 20-cv-2358 (JMF)**

**Letter Motion for Court Conference and to Stay Deadline to File Replies in Support of Motions to Exclude Expert Opinion and For Summary Judgment, Pending Further Guidance from Court**

Dear Judge Furman:

On November 5, 2025, the Zimmer Defendants filed their Motion to Exclude Opinions of Sreevathsa Boraiah, M.D. and supporting Memorandum (Dkts. 94-96), as well as their Motion for Summary Judgment supported by a Memorandum and a Statement of Material Facts pursuant to Local Rule 56.1 (Dkts. 97-99).  On December 4, 2025, Plaintiff filed his Oppositions to both motions, including a Statement of Material Facts in Support of His Oppositions to Preclusion and Summary Judgment. (Dkts. 100-103.)  Plaintiff failed to comply with Local Rule 56.1(b), as he did not file a "correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph" in the Zimmer Defendants' Statement of Facts. *See* L.R. 56.1(b).  Thus, the Zimmer Defendants' Statement of Facts is now deemed admitted in its entirety. L.R. 56.1(c).  Furthermore, Plaintiff's Statement of Facts does not include numbered paragraphs, and Plaintiff's Opposition to the Motion for Summary Judgment therefore does not cite to paragraphs from a Statement of Facts.  Those are the least of the problems.

Upon reviewing Plaintiff's opposition submissions, the Zimmer Defendants have found they are replete with objectively false representations, grave citation errors, misrepresentations of case law, and citation to at least one case, supposedly from the Southern District of New York, that does not appear to exist.  The problems are so pervasive that if the Zimmer Defendants were to draft reply briefs, they would be consumed by the need to demonstrate that most of the factual statements and legal contentions are not remotely supported by the record or the law cited in support.  This makes it almost impossible to engage in actual advocacy useful to the Court, as Plaintiff's papers argue from a totally different reality – a reality utterly divorced from the record

Honorable Jesse M. Furman                    - 2 -                    December 12, 2025

created during discovery.  It also makes it impossible for the Court and clerks to evaluate the record and decide the case on the merits, because nothing in the papers can be trusted.

Plaintiff's statements about witnesses' testimony are not supported by the portions of the record cited in the submissions, and in many instances the record material cited is not even topically related to the proposition for which it is cited. Multiple statements regarding admissions supposedly made by witnesses are entirely unsupported by the record materials cited.

Attached as Exhibit A is a table of some examples of statements from Plaintiff's Opposition papers, along with quotes of the record material cited in support of the statements.  The Zimmer Defendants apologize for the confusion that the quotes from the cited record may create; as the Court will see, the pages and lines cited by Plaintiff capture partial questions and answers and thus render the content largely unintelligible.

But this is not a situation in which Plaintiff's mis-citations result from mere clerical error. Throughout his briefing, Plaintiff claims that witnesses said things – including exact quotes – that they never said.  For example, Plaintiff claims Zimmer's orthopedic surgeon expert, Dr. Hanby, "agreed that such a break [of a hip stem] 'should not occur under normal physiologic use in a properly implanted and uncontaminated device,'" quoting language that supposedly exists in Dr. Hanby's deposition.  (Pl.'s SOF, Dkt. 103, p. 3.)  The quoted language does not exist.  Keyword searches of Dr. Hanby's deposition transcript for "physiologic" and "uncontaminated" yield no results, and the word index at the conclusion of the transcript also reveals no instance of those words appearing in his deposition. Similarly, Plaintiff claims Zimmer's engineering expert, Dr. Kevin Ong, "conceded that normal ambulation generates loads well below the mechanical strength of Ti-6A-4v and that 'no fracture should occur during ordinary walking if the implant is intact and uncontaminated.'" (*Id.*) A keyword search of Dr. Ong's deposition transcript for the quoted terms "ordinary" and "uncontaminated" do not yield any results, and the word index at the conclusion of the transcript also reveals no instance of those words appearing in his deposition.  It appears that someone – or something, in the event of AI or other non-human technical assistance – made these quotes up.  Based on the undersigned counsel's work undertaken thus far in preparing to file reply briefs, the vast majority of record citations lack substantiation, for one reason or another.  So that the Court can verify these deceptions, and for the Court's convenience, the Zimmer Defendants attach true and accurate copies of the depositions of Dr. Hanby and Dr. Ong as Exhibits B and C.

Plaintiff's case law citations are also falsely represented and in one instance, apparently fake.  For example, in Plaintiff's Opposition to Motion to Preclude (Dkt. 100), Plaintiff contends that "Federal courts repeatedly hold that treating surgeons who revise failed implants are uniquely positioned to testify as to why the device failed, because their opinions are grounded in direct surgical inspection and standard clinical evaluation," citing four cases:  *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F.Supp.3d 774 (2021) (no pin-cite provided); *Morritt v. Stryker Corp.*, 973 F.Supp.2d 177 (2013) (no pin-cite provided); *Quilez-Villa v. United States*, 2023 WL 4364469, at *7 (S.D.N.Y. July 5, 2023); *Tardif v. City of New York*, 344 F. Supp. 3d 579, 598 (S.D.N.Y. 2018).  Pl.'s Opp. to Mot. Preclude, Dkt. 100, pp. 4-5.

The cited cases that at least exist do not relate to treating surgeon testimony or do not support the proposition for which they are cited. The *Rouviere* case does not discuss the admissibility of expert testimony from a treating surgeon on the causes of device failure at all. Instead, it discusses the admissibility of expert opinion from a party's retained engineering expert, under procedural circumstances with no applicability here.  *Rouviere*, 560 F.Supp.3d at 784-794. *Tardif* also did not involve the testimony of a surgeon in a medical device case; the physician at

Honorable Jesse M. Furman            - 3 -            December 12, 2025

issue there was a psychologist opining on the causes of a patient's PTSD. *Tardif*, 344 F. Supp. 3d at 596-597. And in *Morritt*, a case relied upon by the Zimmer Defendants in their briefing, the Court actually excluded any testimony by the treating surgeon that a defect caused device failure, due to a lack of both qualifications and reliability. *Morritt*, 973 F.Supp.2d at 186-191.

A bigger problem is Plaintiff's citation to law that does not exist. The undersigned counsel has used Westlaw, PACER, and Google searches to try to locate the *Quilez-Villa* case, using Plaintiff's citation, and has been unable to do so. It appears the case is a fake citation, potentially generated by an artificial intelligence hallucination.

On December 11, 2025 (yesterday), to comply with the Court's requirement that a party moving for adjournment of a deadline state whether opposing counsel consents, the undersigned counsel emailed Plaintiff's counsel, notifying him of the problems outlined in this letter and informing him that the Zimmer Defendants intended to seek a stay of the reply deadline, pending the Court's review of this matter and determination of how best to proceed. Plaintiff's counsel called promptly thereafter to discuss the matter. The undersigned counsel explained the severe problems and that the Zimmer Defendants intended to seek dismissal and sanctions. Plaintiff's counsel stated that he needed to talk to someone before responding further. As a professional courtesy, the undersigned counsel told Plaintiff's counsel that he would not file this letter motion until he heard back from him, or would provide him with notice that he intended to file it by a certain point if he did not heard back. Plaintiff's counsel never contacted the undersigned counsel again and instead raced to file his own letter-motion seeking to re-submit new papers 2 hours later, expressing uncertainty as to how this happened and apparently blaming technology. (Pl.'s Letter, Dkt. 104.)

The Court should not give Plaintiff an opportunity to submit new papers. Plaintiff has not provided good cause for such relief, and the Zimmer Defendants should experience no prejudice as a result of Plaintiff's conduct. These are not mere clerical errors. No correction of clerical errors can create testimony, documentary evidence, or legal authority that does not exist to support the statements in Plaintiff's submissions. And the evidence and case law that actually exists simply cannot support the objectively false statements and arguments contained in Plaintiff's briefing.

Instead, the Court should strike the papers, dismiss this case with prejudice, and award the Zimmer Defendants their reasonable fees and costs needlessly incurred in this matter. The Zimmer Defendants have spent significant sums of money defending the case, retaining experts and securing their reports; traveling to New York, Philadelphia, and Arkansas for depositions; and filing their own motions detailing all the reasons Plaintiff's case is meritless and destined for summary judgment. But regardless of the case's merit, no plaintiff should be permitted to engage in profligate waste of the time, money, and resources of a defendant and the Court by filing papers riddled with ubiquitous errors, misrepresentations, invented evidence, and apparently invented law. It would have taken about sixty seconds of cite-checking to discover the submission's problems. If a party does not want to take a case seriously, the solution is to voluntarily dismiss the case, not to force the opposing party and the Court to waste their time, labor, and resources doing it for him.

The Zimmer Defendants respectfully request a conference with the Court to discuss this matter and determine a path forward. Should the Court require further information or evidence, the Zimmer Defendants will promptly provide it. Many more examples of false and unsupported statements exist in Plaintiff's papers.

Honorable Jesse M. Furman                     - 4 -                     December 12, 2025

In the meantime, the Zimmer Defendants also respectfully request a stay of their deadline to file reply briefs in support of their Motion to Exclude and Motion for Summary Judgment, pending the Court's decision as to how best to proceed from here.  The current deadline is next Friday, December 19, 2025.  There are no other deadlines or scheduled appearances before the Court at this time.  As noted above, Plaintiff apparently does not consent to the stay, given his pre-emptive filing of a motion seeking to re-submit his papers.

Respectfully submitted,

| | |
|---|---|
| */s/ Sean J. Powell* | */s/ Peter A. Meyer* |
| Sean J. Powell | Peter A. Meyer |
| sean.powell@faegredrinker.com | peter.meyer@faegredrinker.com |
| Faegre Drinker Biddle & Reath LLP | Faegre Drinker Biddle & Reath LLP |
| 320 S. Canal St., Ste. 3300 | 300 N. Meridian Street, Suite 2500 |
| Chicago, IL 60606 | Indianapolis, IN 46204 |
| (312) 356-5108 | (317) 237-1429 |
| | |
| *Counsel for the Zimmer Defendants* | *Counsel for the Zimmer Defendants* |

Defendants' letter provides context for the problems with Plaintiff's submissions that was not apparent from Plaintiff's letter-motion of yesterday, which the Court granted with the understanding that the problems were relatively mundane.  In light of this letter, the Court agrees that a conference is warranted.  Accordingly, the Court vacates its prior endorsement granting Plaintiff leave to file corrected papers (which was signed before Defendants filed their letter - but only docketed afterwards), see ECF No. 106, and stays all briefing deadlines in connection with the Daubert and summary judgment motions. The parties shall appear for a conference with the Court on December 16, 2025 at 3:30 p.m.

The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

The Clerk of Court is directed to terminate ECF No. 105 in 20-CV-2358 and to docket this endorsement in 18-MD-2859 and 20-CV-2358.  SO ORDERED.

December 12, 2025